NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 20 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JACINTO JOSE VALDOVINO,

               Petitioner-Appellant,

  v.

M. ATCHELY,

               Respondent-Appellee.

No.   22-16062

D.C. No.
2:20-cv-00939-TLN-DB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted January 10, 2024
San Francisco, California

Before: SILER,[**] CLIFTON, and M. SMITH, Circuit Judges.

     Petitioner Jacinto Jose Valdovino appeals from the district court's denial of his habeas petition. He was convicted in state court of attempted murder, kidnapping, assault with a firearm, and participation in a street gang. He argues that his trial counsel's faulty advice caused him to reject several favorable plea offers

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

and instead go to trial, where he was convicted and then sentenced to a term of incarceration far longer than those contained in the plea offers. The facts are well-known to the parties and will not be recounted here. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We affirm.

We review the district court's decision to deny Valdovino's habeas petition de novo and may affirm on any grounds supported by the record. *Arnold v. Runnels*, 421 F.3d 859, 862 (9th Cir. 2005). However, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") significantly limits federal court review of state court factual determinations. *See* 28 U.S.C. § 2254(d). Accordingly, we may not grant a habeas petition unless adjudication of the claim in state court (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or (2) resulted in an "unreasonable" factual determination. *Id*. We "presum[e] that state courts know and follow the law," and therefore only correct "extreme malfunctions in the state criminal justice syste[m]." *Dunn v. Reeves*, 141 S. Ct. 2405, 2411 (2021) (internal quotations omitted).

California Superior Court Judge Boeckman skipped *Strickland*'s performance prong and resolved the claim on prejudice alone. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The California Supreme Court denied review. The federal magistrate judge that recommended his habeas petition be denied found that Max Ruffcorn's performance was deficient, but that Judge Boeckman's credibility

evaluation bound the federal court under AEDPA.

This case rises and falls on AEDPA deference. Judge Boeckman's credibility determination was not clearly unreasonable, and Valdovino has failed to overcome the "strong presumption" that Ruffcorn's representation was competent. *Id.* at 689. Ruffcorn was not wrong to question whether Adam Santoya would be available to testify on behalf of the government—in fact, he had every reason to doubt it would happen. The prosecutor was coy in his answers to Ruffcorn's questions about Santoya's cooperation, and the information Ruffcorn was able to discover bolstered his belief that cooperation was unlikely. He knew that Santoya was facing a range of felony charges in other matters, many of them gang-related, and that such defendants were far less likely to testify.

What is more, Ruffcorn was correct about the effect this would have on the government's case. Without Santoya's testimony, the government would have no testimonial evidence to rebut Valdovino's statement to police describing the shooting as an act of self-defense. While the facts of the case and Valdovino's statement make a self-defense theory challenging because he shot Santoya in the back, it would still be a far better case than the one that eventually went to trial. Thus, the decision to proceed to trial as quickly as possible on a time-not-waived basis was a matter of reasonable trial strategy. This court cannot "second-guess" Ruffcorn's tactical decisions, *id.* at 689, and go beyond the objective reasonableness

3

of his performance, *Harrington v. Richter*, 562 U.S. 86, 110 (2011). This is doubly true under AEDPA review.

It is true that Ruffcorn entertained an incorrect understanding of the 30-day rule he allegedly relied on, and that his testimony was not entirely consistent. But he asserted throughout his testimony that he never told Valdovino about the 30-day rule theory until late in the pre-trial negotiations, and that it was not the main reason he thought Santoya's testimony would be unavailable. And the several inconsistencies in his testimony are at least in part attributable to the fact that it had been twelve years since the original trial, and he since retired from the practice of law.

Judge Boeckman found Ruffcorn more credible than Valdovino and ruled that Valdovino was not prejudiced by Ruffcorn's performance. He further found that Ruffcorn conveyed all plea offers to Valdovino, did not instruct him to reject the offers, and that Valdovino was resolved to reject any plea offers involving prison time. He based this in part upon the fact that Valdovino was out on bond and indicated he did not want to go back to prison, that he thought he would be assigned to a particularly notorious prison, and that his mother was sick.

Faced with two competing stories about the pretrial negotiations, attorney-client discussions, and the ensuing trial, Judge Boeckman was forced to make a credibility conclusion one way or the other. Valdovino complains that Judge

Boeckman "silently decided [he] was untrustworthy" as if that demonstrates bias, when that decision was exactly what the judicial role demanded on that occasion—a credibility determination leading to a factual finding and a legal ruling. The fact that Judge Boeckman believed Ruffcorn over Valdovino is not reason enough to overturn his factual finding under AEDPA, particularly when that conclusion was supported by evidence. Judge Boeckman found Valdovino untrustworthy because the jury did not believe his trial testimony, he violated his promise to be present during trial by absconding after the close of evidence, he gave a false statement to police, he demonstrated an acute understanding of the facts of this case and a willingness to lie, and he had ample personal reasons to do so. Ruffcorn, on the other hand, had significant experience before Judge Boeckman, little if any reason to lie because he was no longer practicing law, and despite the inconsistencies in his testimony, was generally more credible than Valdovino.

Ultimately, Valdovino has failed to establish that Judge Boeckman's credibility finding was "objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

**AFFIRMED.**

5                                                                          22-16062